*305 F. Supp. 60*

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
OCT 27 1969
PATRICIA D. WILT
CLERK

IN RE MULTIDISTRICT CIVIL ANTITRUST )
LITIGATION INVOLVING PHOTOCOPY PAPER )

DOCKET NO. 28

**OPINION AND ORDER**

BEFORE ALFRED P. MURRAH\*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III\*, AND STANLEY A. WEIGEL\*, JUDGES OF THE PANEL

PER CURIAM

On August 15, 1969, the Panel ordered the parties in the actions listed on the attached Schedule A to show cause why these actions should not be transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 to a district or districts other than those in which they were then pending.[1/] All parties filed responses to the *show cause order* and, with a single exception[2/], all vigorously opposed transfer of any of these actions at the present time. After reviewing these responses and considering the arguments presented at the

---

[*] Although Judges Murrah, Lord and Weigel were unable to attend the hearing on September 26, 1969, they have, with the consent of all parties, participated in this decision.

[1/] Another related action filed in the District of Utah, *Vance Business Equipment Co. v. SCM Corp.*, was dismissed a few days before the *show cause order* was entered.

[2/] The plaintiff in the Arizona action does not oppose transfer of this case for coordinated or consolidated pretrial proceedings.

- 2 -

hearing held in Washington, D.C. on September 26, 1969, we have decided not to transfer any of these actions at this time.

The existence of common questions of fact among civil actions pending in different districts is the "initial criteria" which must be satisfied before any such actions may be transferred under section 1407. *In re Cincinnati Air Disaster Litigation (TWA)*, 298 F. Supp. 353 (Jud.Pan.Mult.Lit. 1968). There is in this litigation, a very basic and substantial question of fact common to all actions: can the defendant's policy of recommending that only SCM photocopy paper and supplies be used with SCM photocopy machines be justified for technical reasons[3] or is it an attempt to create an illegal *tying arrangement*.[4] The nature, scope, purpose, and implementation of this corporate policy appear relevant to all of the actions in this multidistrict litigation and this factor satisfies the requirement that common questions of fact exist.

Of course, transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions. See, for example,

---

[3] General Counsel for SCM asserts that such a recommendation is made to insure quality reproductions and reliable performance of SCM photocopy equipment.

[4] In *Advance Business Systems and Supply Co. v. SCM Corp.*, ___ F.2d ___ (August 18, 1969) the Fourth Circuit affirmed the trial court's finding that SCM had failed to establish any legitimate reason for the tying clauses since SCM officials knew that the competing product (Nashua Paper) was "safe and as effective as SCM paper" for use with SCM photocopy machines.

*In re Scotch Whiskey*, 299 F. Supp. 543 (Jud.Pan.Mult.Lit. 1969) and *In re Air Crash Disaster at Falls City, Nebraska*, 298 F. Supp. 1323 (Jud.Pan.Mult.Lit. 1969). A transfer will not be ordered unless the convenience of parties and witnesses is served and the just and efficient conduct of the actions promoted by such a transfer. In opposing the proposed transfer, the parties assert that neither they nor their witnesses would be convenienced by a transfer since a large and perhaps the greatest portion of the discovery will involve local markets, local practices, and local witnesses. It may be true that transfer for coordinated or consolidated pretrial proceedings as to *local issues* might not serve the convenience of the parties and their witnesses but it seems clear that such transfer for coordinated or consolidated pretrial proceedings relating to the *common questions of fact* would indeed serve the convenience of the parties and their witnesses.[5]

As discovery has been completed in the *Virginia Impression Products Company Case* and trial is scheduled to begin shortly, this action would certainly be excluded from any consolidated or coordinated pretrial proceedings. *cf. In re Protection Devices and Equipment, Etc.*, 295 F. Supp. 39 (Jud. Pan. Mult. Lit. 1968). Discovery in several other actions

---

[5] While local discovery can be conducted during coordinated or consolidated pretrial proceedings, it need not be, and the actions may be remanded to the original transferor courts for such local discovery. *In re East of the Rockies Concrete Pipe Antitrust Cases*, ___ F. Supp. ___ (Concurring Opinion) (Jud. Pan. Mult. Lit. 1969).

- 4 -

has also progressed to a point that their transfer under section 1407 would be inappropriate and the few remaining actions do not fall into that category of *exceptional cases* sharing unusually complex questions of fact. Compare *In re IBM Litigation*, ___ F. Supp. ___ (Jud.Pan.Mult.Lit. 1969) with *In re Scotch Whiskey, supra*. The number of transferable actions, their location, their lack of complexity, their relative size, and, most significantly, the fact that discovery is proceeding with a minimum expenditure of judicial energies combine to make the immediate transfer of any of these actions inconsistent with the goal of promoting the just and efficient conduct of these actions.

In sum, we have concluded that the predicate common questions of fact exist and that the convenience of the parties and their witnesses would generally be served by transfer but that the just and efficient conduct of the *presently pending actions* would not be promoted by transfer at this time.

At oral argument, General Counsel for the SCM recognized the possibility that additional actions might be commenced following the recent Fourth Circuit decision and he wanted to reserve the right to invoke the power of the Panel if subsequent developments make coordinated or consolidated pretrial proceedings more appropriate. We shall therefore retain

jurisdiction of this matter for six months. Counsel for SCM is directed to file a report with the Clerk of the Panel no later than May 1, 1970 showing the status or disposition of the actions now pending and any related actions commenced in the interim.

SCHEDULE A                                              DOCKET NO. 28

## NORTHERN DISTRICT OF CALIFORNIA

1. Roy Davenport d/b/a Vallejo Typewriter     Civil Action
   Co. v. SCM Corporation                     No. 49570

2. Lloyd Cowan d/b/a Lloyd's Business         Civil Action
   Machines v. SCM Corporation                No. 45633

## DISTRICT OF MASSACHUSETTS

3. Bloom's Photo Supply, Inc., et al. v.      Civil Action
   SCM Corporation                            No. 68-975-J

4. Automatic Business Systems Corporation     Civil Action
   v. SCM Corporation                         No. 69-147-W

## DISTRICT OF ARIZONA

5. Avery Powers d/b/a Standard Office         Civil Action
   System of Arizona v. SCM Corporation       No. 6890-PHX

## EASTERN DISTRICT OF VIRGINIA

6. Virginia Impression Products Co. v.        Civil Action
   SCM Corporation                            No. 5677-R

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 28

JUL 1  1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ANTITRUST LITIGATION INVOLVING SCM
PHOTOCOPY PAPER MONOPOLY

### ORDER

Having considered the responses of the parties to the show cause order of May 26, 1970 and all arguments presented by counsel at the June 26, 1970 hearing, the Panel has determined that the convenience of parties and their witnesses and the just and efficient conduct of these actions would not be served by transfer for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

TRANSFER DENIED.

FOR THE PANEL:

Alfred P. Murrah
Chairman

DOCKET NO. 28                                                   SCHEDULE A

## NORTHERN DISTRICT OF CALIFORNIA

Roy Davenport d/b/a Vallejo Typewriter          Civil Action
Co. v. SCM Corporation                          No. 49570

Lloyd Cowan d/b/a Lloyd's Business              Civil Action
Machines v. SCM Corporation                     No. 45633

## DISTRICT OF MASSACHUSETTS

Bloom's Photo Supply, Inc., et al. v.           Civil Action
SCM Corporation                                 No. 68-975-J

Automatic Business Systems Corporation v.       Civil Action
SCM Corporation                                 No. 69-147-W

## DISTRICT OF ARIZONA

Avery Powers d/b/a Standard Office System       Civil Action
of Arizona v. SCM Corporation                   No. 6890-PHX

## DISTRICT OF CONNECTICUT

Contoura Business Machines, Inc. v.             Civil Action
SCM Corporation                                 No. 13728

## EASTERN DISTRICT OF LOUISIANA

Eaves, Inc. v. SCM Corporation                  Civil Action
                                                No. 70-709

## SOUTHERN DISTRICT OF NEW YORK

Old Town Corporation v. SCM Corporation         Civil Action
                                                No. 70 Civ 1367

## NORTHERN DISTRICT OF NEW YORK

Business Services Company of Utica, Inc. v.     Civil Action
SCM Corporation                                 No. 70 CV 153